# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No.: 2:99-cr-00029-RFB |
| Plaintiff, | **ORDER** |
| v. | |
| RALPH SANCHEZ, JR. | |
| Defendant. | |

Before the Court is Defendant's Motion to Seal Records (ECF No. 38). Defendant pled guilty to a class E felony on July 13, 1999. He was released from supervised probation on October 31, 2001. He now seeks an order from the Court to seal his federal criminal records, under its equitable authority, to enhance his employment opportunities. However, the Court does not have the authority to seal these records.

The Court construes Defendant's motion as, effectively, a Motion to Expunge. See U.S. v. Crowell, 374 F.3d 790, 792 (9th Cir. 2004) ("[I]n general when a defendant moves to expunge records, she asks that the court destroy or seal the records of the fact of the defendant's conviction.") The Ninth Circuit has held that "a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief. The power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress." U.S. v. Sumner, 226 F.3d 1005, 1015 (9th Cir. 2000). There currently exists no "statute in which Congress has empowered a district court to reopen a criminal case after its judgment has become final for the purpose of expunging a record of a valid arrest or conviction to enhance a defendant's employment

opportunities." Id. Sanchez has not cited, nor is the Court aware of, any authority by which it may seal his records.

Therefore, IT IS ORDERED that the Motion to Seal Records (ECF No. 38) is DENIED.

DATED this 15th day of August, 2017.

_____
RICHARD F. BOULWARE, II.
United States District Judge